ROSS v. MARSHALL TRACTION CO. *
(No. 2815.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1923. Rehearing Denied Nov. 22, 1923.)

1. Street railroads ⊝118(5)—Instruction on duty to stop street car frightening team not error.

In action for injuries when plaintiff's team became frightened at a street car, on the theory that the motorman when he saw the team was frightened did not stop the car to prevent accident, an instruction, which told the jury to find for plaintiff if the motorman discovered plaintiff's team was frightened and could have stopped the car consistent with safety at a sufficient distance to have avoided further frightening the team and thereby avoided injury, was not insufficient as failing to require finding that motorman used every means at his command consistent with the safety of passengers to prevent injury.

2. Appeal and error ⊝232(3)—New ground of objection to instruction first urged on appeal not considered.

A new ground of objection to an instruction cannot be considered when first urged on appeal.

3. Street railroads ⊝118(5)—Instruction on motorman's negligence as to team frightened, held erroneous.

In an action for injuries when plaintiff's team was frightened at a street car, where there was evidence to show that it was not the duty of the motorman to stop before he did, and it would have been error to instruct to find for plaintiff without reference to whether the motorman was guilty of negligence, it was not error to refuse plaintiff's charge that it was the motorman's duty to exercise every means consistent with safety to prevent injury and to find for plaintiff if the motorman failed to discharge that duty.

4. Street railroads ⊝118(11)—Instruction on contributory negligence of driver of frightened team justified.

In action for injuries when plaintiff's team became frightened at a street car, where plaintiff's evidence as a witness showed that his team had been frightened by street cars before and that they became frightened when they first saw the car 40 or 50 yards away, an instruction on contributory negligence was justified.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by J. H. Ross against the Marshall Traction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Appellee's street car track in Marshall runs east on West Grand avenue to Bishop street, and thence south on the latter street. In February, 1920, appellant and his son, a man about 40 years of age, traveling east on said Grand avenue in a wagon loaded with cotton in bales, had reached a point near the place where said avenue intersected Bishop street, when the horses drawing the wagon became frightened at a street car as it turned into said avenue from Bishop street, and, running onto an embankment on the south side of said avenue, caused the wagon to turn over, whereby appellant suffered injury to his person. On the theory that the motorman in charge of the car was guilty of negligence, in that he saw the horses were frightened and could have stopped the car and so have prevented the accident, and did not do so, appellant by the suit sought to recover damages of appellee. The appeal is from a judgment denying him such a recovery.

Jones, Sexton & Jones, of Marshall, for appellant.

Geo. Prendergast, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] In his main charge to the jury the court instructed them to find for appellant if they believed "that the motorman saw plaintiff and discovered that his horses were frightened, and could have stopped his car, consistent with safety of car and passengers, a sufficient distance from plaintiff to have avoided further frightening of plaintiff's team, and avoided the injuries to plaintiff, if he was injured, and he negligently failed to do so."

Appellant objected to the instruction, insisting that it was insufficient in that it did not tell the jury that it was the duty of the motorman "to exercise every means at his command, consistent with the safety of the car and passengers, to prevent injuring the plaintiff," and requested a special charge which, had it been given, would have instructed the jury that the motorman's duty was as appellant claimed it to be, and to find for appellant if they believed the motorman failed to discharge the duty, without reference to whether he was guilty of negligence in failing to stop the car sooner than he did or not.

It is urged that the court erred when he gave the instruction and when he refused the special charge referred to. We do not think so. The objection to the instruction, on the ground stated, was plainly without merit, we think; for the duty of the motorman to stop the car on conditions stated was not otherwise limited in the instruction, as to the means he should resort to, than that same should be consistent with the safety of the car and passengers.

[2, 3] It is urged in the brief of appellant that the instruction was also erroneous in that it required the jury, if they believed the motorman, after he discovered that the horses were frightened, could have stopped the car in time to have avoided further frighten-

ing them, to also believe that the motorman was guilty of negligence in not so stopping the car, before they could find for appellant. The instruction was not objected to in the trial court on that ground, and appellant therefore is not entitled to have his complaint considered here. But we have considered it, nevertheless, and think it should be overruled. Had the wagon and team been on appellee's track, and had the injury to appellant been caused by a collision between same and the street car, there would be merit in the contention. But the wagon and team were at a point on the street 15 feet from the track, and the testimony of appellant's witness Henderson, who had worked for appellee as a motorman, tended to prove, not only that it was not the duty of the motorman in charge of the car to stop it before he did, but that it was his duty not to so stop it. Henderson testified:

"In my experience driving a street car, I did not stop my car every time I saw a team shy. * * * I never went into emergency just because they were frightened. In my experience in driving a street car, I usually found it scared a team less by going by, and the less commotion you had. As a usual thing it frightens a team much more by stopping than going by a team. * * * If I was approaching a team and saw it was frightened and it became more frightened as I approached it, sometimes I would feel it my duty to stop the car, and then again under the conditions, the way the team was working, I would have to decide whether best to go by or stop. If you were going to get in a ditch, of course it would be best to stop, otherwise go by. * * * When the team is clear off to stop and only shows a degree of whirling, it would be best to go by if you could."

In view of the testimony referred to and that set out, it would have been error had the trial court instructed the jury to find for appellant on the conditions specified in his main charge, without reference to whether the motorman was guilty of negligence in failing to stop the car sooner that he did stop it or not. That being true, of course it was not error to refuse the special charge referred to requested by appellant.

[4] The court instructed the jury that—

"It was the duty of the plaintiff, when he saw his team was frightened, to exercise ordinary care to take such action as would control them and prevent them from injuring him, and, if he failed to do so, he would be guilty of contributory negligence and could not recover damages against the defendant."

The appellant vigorously insists there was no testimony raising an issue as to contributory negligence on his part, and therefore that it was error to instruct the jury as set out above. We think appellant's own testimony as a witness made such an issue. He said his horses had been frightened by street cars before, and he knew they were afraid of such cars; and that on the occasion of the accident they became frightened when they first saw the car coming 40 or 50 yards away. We think the jury had a right to say that a reasonably prudent person under the circumstances surrounding appellant would have gotten off of the wagon and held the horses, or would have had his son, who was in the wagon with him, to get off of same and hold them.

The judgment is affirmed.